IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 00-50394
Summary Calendar
_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

TEOFILO GARCIA-GODINEZ,
also known as Martin Godinez,
also known as Martin Garcia,
also known as Teofilo Godinez,
also known as Teofilo Garcia,

Defendant-Appellant.

---------------------
Appeal from the United States District Court
for the Western District of Texas
USDC No. SA-99-CR-540-ALL
---------------------
September 28, 2001

Before JOLLY, JONES, and SMITH, Circuit Judges.

PER CURIAM:[*]

Teofilo Garcia-Godinez appeals his sentence following his guilty-plea conviction of one count of illegal reentry into the United States. He argues that the district court erred in enhancing his base offense level by 16 levels pursuant to U.S.S.G. § 2L1.2(b)(1)(A) based on his prior Texas conviction for driving while intoxicated (DWI), which was considered an aggravated felony. Garcia contends that his DWI conviction

_____

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

should not have been considered an aggravated felony. Garcia has filed a Fed. R. App. P. 27(j) letter bringing the recent decision of United States v. Chapa-Garza, 243 F.3d 921 (5th Cir. 2001), to this court's attention and a motion to vacate his sentence based on Chapa-Garza. The Government has not opposed the motion to vacate sentence. Garcia further argues that the district court erred in relying on a reinstated deportation order in calculating his sentence.

Chapa-Garza held that a Texas felony DWI conviction is not a "crime of violence" as defined in 18 U.S.C. § 16 and thus is not an aggravated felony for the purpose of a U.S.S.G. § 2L1.2(b)(1)(A) 16-level enhancement. 243 F.3d at 927. The district court thus erred in applying the 16-level enhancement. Garcia's sentence must be vacated, and this case is remanded for resentencing.

Garcia's brief does not explain his contention that the district court erred in relying on a reinstated deportation order in calculating his sentence. He does not state how this alleged error effected his sentence. This issue has no merit.

Garcia's motion to vacate his sentence and remand for resentencing is GRANTED, Garcia's sentence is VACATED, and this matter is REMANDED for resentencing.